[872 NYS2d 292]

In the Matter of EDWARD MARVIN COHEN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 10, 2009

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Chris G. McDonough*, Melville, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent avers that his resignation is submitted voluntarily, free from coercion and duress, after review with his attorney, and with a full awareness of the implications of its submission. He acknowledges that he is currently the subject of a pending disciplinary proceeding and has been served with a petition containing three charges of professional misconduct emanating from his criminal conviction. The respondent admits that he initially was charged with presenting a forged attorney secure pass in attempting entry into the Nassau County District Court while under suspension. He pleaded guilty under a negotiated plea agreement to attempted criminal possession of a forged instrument in the third degree in the County Court, Nassau County.

The respondent acknowledges his inability to successfully defend himself on the merits against such charges. He is aware that the Appellate Division, in any order permitting him to resign, could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. The respondent is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee for the Tenth Judicial District supports acceptance of the proffered resignation as in the best

interests of the public. It is the most expeditious way to conclude this matter in order to save the Court's time and expense while protecting the public.

Inasmuch as the respondent's resignation is in full compliance with the court rules, it is accepted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The pending disciplinary proceeding authorized by this Court's decision and order dated December 5, 2007 is discontinued in light of the respondent's resignation.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and BELEN, JJ., concur.

Ordered that the resignation of Edward Marvin Cohen is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward Marvin Cohen is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Edward Marvin Cohen shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward Marvin Cohen is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Edward Marvin Cohen has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on application of this Court dated December 5, 2007 is discontinued.